United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JEFFREY PHAIR, et al.,<br><br>Defendants. | Case No. 12-cv-05781-VC<br><br>**ORDER GRANTING DEFAULT JUDGMENT**<br><br>Re: Docket No. 23 |

J & J Sports Production, Inc. has sued John Phair and Phair's business, E.J. Phair Brewing Company, for unlawfully intercepting and broadcasting a boxing match for which J & J Sports owned the exclusive television distribution rights. Default was entered on February 7, 2013. J & J Sports now moves for a default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(b)(2).

The factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-92 (9th Cir. 1986), weigh in favor of entering a default judgment. First, because default has been entered, J & J Sports' factual allegations are accepted as true, except for those relating to the amount of damages. Second, if the motion were denied, J & J Sports would be without a remedy and would be prejudiced. Third, the amount of money at stake is moderate. Fourth, default was not the result of excusable neglect. The defendants do not contest service, and in fact, made an appearance stating their intention to default. *See* Docket No. 12.

**Conversion**

Taken as true, J & J Sports' factual allegations support a conversion claim: (1) J & J Sports purchased licensing rights to the program at issue, (2) the defendants did not have the right to broadcast it, and (3) the defendants' establishment has a capacity of 100 people, so they would have been required to pay $2,200 for a subleasing agreement. Accordingly, J & J Sports is entitled to damages for conversion and is awarded $2,200 for this claim.

**Statutory Damages**

J & J Sports also seeks damages under Section 605, but damages are more appropriate under Section 553 in this case. Section 605 prohibits "radio" or satellite interception, while Section 553 prohibits cable interception. *See* 47 U.S.C. §§ 605, 553. It also provides for higher penalties than Section 553. J & J Sports does not provide any evidence that the defendants transmitted the program via satellite, and its investigator does not state that he saw a satellite dish on the property. *See* Declaration of Affiant, David Sims. Accordingly, the Court will apply Section 553. *See J & J Sports Prod., Inc. v. Sergura*, 2014 WL 1618577, at *4 (N.D. Cal. April 21, 2014) (applying Section 553, rather than Section 605, where the plaintiff's investigator did not state whether the broadcast was transmitted via satellite dish or cable box); *J & J Sports Prod., Inc. v. Concepcion*, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011) (same).

Under Section 553, a court may award up to $60,000 in statutory damages. §553(c)(3)(A)(ii) and (c)(3)(B). The plaintiff's evidence in this case does not support a maximum award. Although there were there were 30-40 patrons, there was no cover charge and no evidence the restaurant charged a premium for food or drinks or advertised for the fight. Nor is there any evidence regarding how many televisions showed the program. Furthermore, the defendants are apparently first-time offenders. The Court finds that an award of $1,000 is sufficient to deter future violations by the defendants and to compensate the plaintiff.

Accordingly, J & J Sports is awarded $3,200 in total damages.

**Costs and Attorney's Fees**

J & J Sports has until July 11, 2014 to file a motion for costs and attorney's fees. A hearing on the motion should be noticed for August 21 or August 28, 2014.

**IT IS SO ORDERED.**

Dated: June 27, 2014

_____
VINCE CHHABRIA
United States District Judge