UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC,

    Plaintiff,

   v.

JOHN JEFFREY PHAIR, et al.,

    Defendants.

Case No. 12-cv-05781-VC

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT; DENYING MOTION FOR ATTORNEY'S FEES AND COSTS**

Re: Docket Nos. 35, 39

    The motion to alter or amend the judgment is denied because J & J Sports has not offered any newly discovered evidence, demonstrated that the Court committed clear error, or argued that there has been an intervening change in the controlling law. *See* Fed. R. Civ. P. 59(e); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation omitted)). The discretionary statutory damages awarded were appropriate given the facts of the case. *See* Order, Docket No. 34.

    The motion for attorney's fees and costs is also denied. Section 553 permits, but does not require, the Court to award attorney's fees and costs to the prevailing party. *See* 47 U.S.C. § 553(c)(2)(C). In support of its motion, J & J submits the declaration of its counsel, Tom Riley, along with a chart purporting to depict services rendered and hours billed. But this chart is not based on contemporaneous billing records; rather, "[b]illable hours for legal services [were] reconstructed by way of a thorough review of the files themselves." Riley Decl. ¶ 6. Riley states that "[h]aving handled thousands of commercial signal privacy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered." ¶ 6. However, "[a]bsent the submission of detailed contemporaneous time records justifying the hours claimed to

have been expended on this case, the Court gives little weight to the figures provided by Plaintiff." *J&J Sports Prod., Inc. v. Napuri*, 2013 WL 4428573, at *2 (N.D. Cal. Aug. 15, 2013); *see also J&J Sports Prod., Inc. v. Duong*, 2014 WL 1478498, at *2-4 (N.D. Cal. April 14, 2014) (same); *Joe Hand Promotions, Inc. v. White*, 2011 WL 6749061, at *2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable.").

J & J also fails to show that the hourly fees are reasonable or recoverable. As in *Napuri* and *Duong*, J & J does not provide any evidence that the rates are reasonable in the Northern District of California, the relevant market. It does not submit affidavits from attorneys who worked on this case, or other attorneys in the area, attesting to the prevailing rates in this district. Riley merely states that the rates are "well within the prevailing market rates for the *Central District of California*" and cites to a chart providing hourly rates for attorneys in the Washington, D.C. area. Riley Decl. ¶ 6 (emphasis added). Nor were any resumes submitted to justify the rates for the people who worked on this case. J & J also includes fees for administrative assistants, which are not recoverable. *See J&J Sports Prod., Inc. v. Salgadobarajas*, 2014 WL 3053485, at *5 (N.D. Cal. July 3, 2014). And the fact that J & J's submission is so sloppy further undermines its assertion about the trustworthiness of its post-hoc assessment of the fees it probably incurred.

Finally, the Court declines to award costs. Pre-filing investigative expenses are generally not recoverable, and the miscellaneous court appearance fees identified by J & J lack specificity and supporting documentation. *See id.*; *Duong*, 2014 WL 1478498, at *4. And J & J took very little care in filing this motion, failing to provide the requisite supporting documentation and even forgetting to change the name of the district, forcing the defendants to expend time and resources opposing it. Moreover, based on the defendants' submission in response to the motion for attorney's fees, it is questionable whether J & J needed to bring this lawsuit in the first place.

Given the total lack of support for the motion for fees and costs, the motion is frivolous and wasted a good deal of time for the Court, as well as time and money for the defendants. As a sanction for filing this frivolous motion, J & J is ordered to pay the defendants their reasonable attorney's fees and costs incurred in opposing it. The defendants shall submit a declaration setting

2

forth the fees and costs they incurred in opposing J & J's motion for attorney's fees and costs by August 22, 2014. The defendants may include the fees and costs incurred in preparing the declaration. They may use the prevailing market rate for legal work performed in the Northern District. Fees and cost incurred in opposing the motion to alter or amend the judgment should not be included. J & J has until August 27, 2014 to respond. The hearing scheduled for August 28, 2014 is vacated. Assuming the defendants have not yet paid J & J in satisfaction of the judgment, they may subtract the amount of this sanctions award from that payment.

**IT IS SO ORDERED.**

Dated: August 15, 2014

_____
VINCE CHHABRIA
United States District Judge